## UNITED STATES v. F. D. GLEASON COAL CO.

(District Court, E. D. Michigan, S. D. July 20, 1926.)

No. 10998.

Navigable waters ⬅19—Excavating or filling channel without authority from War Department is criminal offense (Act March 3, 1899, § 10 [Comp. St. § 9910]).

Act March 3, 1899, § 10 (Comp. St. § 9910), makes it a criminal offense to "excavate or fill" the channel of any navigable water, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of War, without qualification as to the effect of the work on the channel.

Criminal prosecution by the United States against the F. D. Gleason Coal Company.. On motion to quash indictment. Denied.

Delos G. Smith, U. S. Atty., and Gregory H. Frederick, Asst. U. S. Atty., both of Detroit, Mich., for the United States.

Warren, Cady, Hill & Hamblen, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion by the defendant, F. D. Gleason Coal Company, a Michigan corporation, to quash an indictment against it on the ground that such indictment fails to charge any offense against the United States.

The indictment charges that at a specified time and place said defendant, "being then and there the owner and operator of the dredge known as the Tampico, did knowingly, unlawfully, and feloniously excavate by means of the dredge Tampico certain material, to wit, sand and gravel, from the channel of a navigable water of the United States, to wit, the St. Clair river, at a point in the channel of said St. Clair river on the American side of the international boundary opposite the city line of Port Huron, Mich., which said work had not then and there been recommended by the Chief of Engineers and authorized by the Secretary of War prior to beginning the same, contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

The government claims, and defendant denies, that the mere act of knowingly excavating the channel of a navigable water of the United States constitutes a violation of the statutory provision on which the indictment is based. That provision is contained in section 10 of the Act of Congress of March 3, 1899 (chapter 425, 30 Stats. at Large, 1151 [Comp St. § 9910]), and is as follows:

"It shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of any port, roadstead, haven, * * * harbor of refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of War prior to beginning the same."

It will be observed that, by the language just quoted, Congress has made it an offense: (1) To "excavate"; (2) to "fill"; or (3) "in any manner to alter or modify the course, location, condition or capacity of" any of the waters therein specified, except as therein provided. The defendant contends that the words "in any manner" should be construed to mean "in any other manner;" and that when so construed their effect is to so qualify and limit the preceding words, "excavate" and "fill," as to make the act of excavating or of filling unlawful only if such act alters or modifies "the course, location, condition, or capacity of" any of the waters so mentioned. I cannot agree with this contention. To adopt it would, in the first place, require the reading, into the plain, unambiguous words of the statute, language which was not used by Congress, and which is not necessary to a reasonable interpretation of the language which is used by Congress. Secondly, if the words "in any manner" were to be construed to mean "in any other manner," the ordinary, natural meaning of the quoted statutory sentence would become, "It shall not be lawful to excavate or fill, or in any other manner to alter or modify" the course, etc., of any of the waters in question. Such construction of the provision would not be unreasonable nor unnatural, but, obviously, would not aid the defendant, for it would but evidence a belief (and a not unwarranted belief), on the part of the framers of the statute, that any excavating or filling of any such waters would necessarily alter or modify its course, location, condition, or capacity, and should, therefore, be prohibited in broad

terms. The argument, therefore, of the defendant in this connection, in my opinion, destroys itself.

Some question has been raised by the defendant as to the meaning and effect of the word "of," immediately preceding the words "the channel," in the section just quoted. It does appear that the use of this last "of" is unnecessary and awkward, and might well have been omitted, without changing the clearly expressed meaning of the sentence; but I am unable to see that it is open to any other comment, or that it has any significance or bearing in connection with the contention of the defendant already referred to.

The motion must be denied, and an order may be entered to that effect.